UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

DIMITRI MOSS,

    Plaintiff,

v.                               Case No. 21-CV-1431

LYNN DOBBERT, KOREEN FRISK,
BRIDGET RINK, MARYAH MARTIN,
LISA BAKER, MICHAEL MEISNER,
ANGELA THOMSPON,
KATHERINE THOMPSON,
DEBRA BELLIN,
NEW LISBSON CORRECTIONAL
INSTITUTION, and REDGRANITE
CORRECTIONAL INSTITUION,

    Defendants.

## ORDER SCREENING THE COMPLAINT

On December 16, 2021, plaintiff Dimitri Moss, who is currently confined at Fox Lake Correctional Institution and is represented by counsel, filed a complaint under 42 U.S.C. § 1983 alleging that the defendants violated his constitutional rights. (ECF No. 1.) The matter is now before the court for screening of the complaint.

The court has jurisdiction to screen the complaint in light of Moss's consent to the full jurisdiction of a magistrate judge and the Wisconsin Department of Justice's limited consent to the exercise of magistrate judge jurisdiction as set forth in the

Memorandum of Understanding between the Wisconsin Department of Justice and this court.

## FEDERAL SCREENING STANDARD

The Prison Litigation Reform Act (PLRA) applies to this case because Moss was incarcerated when he filed his complaint. The PLRA requires courts to screen complaints brought by prisoners seeking relief from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint if the prisoner raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

In determining whether the complaint states a claim, the court applies the same standard that applies to dismissals under Federal Rule of Civil Procedure 12(b)(6). *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017) (citing *Booker-El v. Superintendent, Ind. State Prison*, 668 F.3d 896, 899 (7th Cir. 2012)). To state a claim, a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain enough facts, accepted as true, to "state a claim for relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that someone deprived him of a right secured by the Constitution or the laws of the United States, and that whoever deprived him of this right was acting under color of state law. *D.S. v. E. Porter Cty. Sch. Corp.*, 799 F.3d 793, 798 (7th Cir. 2015) (citing *Buchanan–Moore v. Cty. of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009)).

## MOSS'S ALLEGATIONS

Moss alleges that on September 10, 2018, he fell while working in the kitchen at New Lisbon Correctional Institution. (ECF No. 1, ¶ 19.) As a result of the fall, he had sharp pain in his lower back and blood in his urine. (*Id.*) On September 12, 2018, Moss was sent to Mile Bluff Medical center for evaluation. (*Id.*, ¶ 21.) Medical staff at Mile Bluff noted Moss "had an 'acute traumatic injury to [his] left flank on 10 SEPT with . . . pain and heavy hematuria.'" (*Id.*) Staff at Mile Bluff recommended Moss see a urologist to evaluate the hematuria and blood in his urine. (*Id.*)

Moss spoke with defendant Nurse Lynn Dobbert on September 18, 2018, where he informed her that the blood in his urine was increasing, and he was urinating more frequently. (*Id.*, ¶ 22.) The next day, Dobbert examined Moss, and she noted that Moss had pressure in his bladder, blood in his urine, was experiencing more frequent urination, and was experiencing inflammation on his lower left side. (*Id.*, ¶ 23.) It is unclear what treatment, if any, Dobbert gave to Moss.

3

Moss then saw defendant Nurse Maryah Martin on October 6, 2018, who noted that he had blood in his urine and back pain. (*Id.*, ¶ 24.) On November 11, 2018, Moss wrote a health services request (HSR), which was received by Dobbert, complaining that he was still urinating blood. (*Id.*, ¶ 26.) Between November 23, 2018, and December 16, 2018, Moss wrote three more HSRs, all of which were received by Dobbert, where he complained he was still urinating blood. (*Id.*, ¶¶ 27-29.)

Moss was examined by Martin on December 17, 2018, who noted that he was still urinating blood, his back still hurt, and that the onset of his symptoms began in September 2018. (*Id.*, ¶ 30.) On January 3, 2019, Moss wrote another HSR, received by defendant Nurse Koreen Frisk, complaining that he was still urinating blood and experiencing back pain. (*Id.*, ¶ 31.) Moss also asked what method of treatment he would receive for these issues. (*Id.*)

On January 23, 2019, Moss wrote another HSR complaining about urine in his blood and back pain and was examined the next day by defendant Nurse Bridget Rink. (*Id.*, ¶¶ 32-33.) Rink noted his symptoms, but it is unclear what, if any, treatment she provided Moss. (*Id.*, ¶ 33.)

On March 13, 2019, Moss was transferred to Redgranite Correctional Institution. (*Id.*, ¶ 34.) At the time, Redgranite did not have a policy of having new inmates see a nurse upon arrival. (*Id.*, ¶ 38.) That same day, Moss completed an HSR, which was received by defendant Nurse Katherine Thompson. He complained that he was urinating blood and experiencing back pain. (*Id.*, ¶ 34.) He also

4

explained that at New Lisbon he "was being treated for my urinating blood," and requested a treatment plan as soon as possible. (*Id.*) Moss filed another HSR the next day but was not seen by New Lisbon health services staff. (*Id.*, ¶ 35.) Moss then filed another HSR on March 24, 2019, which was received by Nurse Thompson, but no examination was scheduled. (*Id.*, ¶¶ 36-37.)

On April 1, 2019, Moss filed two HSRs and sent them to defendant Health Services Manager Angela Thompson asking for surgery for his bleeding kidney and complaining that he has not yet been seen in the health services unit. (*Id.*, ¶ 41.) After hearing no response, he wrote HSM Thompson another HSR on April 7, 2019. (*Id.*, ¶ 42.) Then on April 20, 2019, he wrote another HSR, which was received by defendant Nurse Debra Bellin, asking for more pain medicine for his kidney pain. (*Id.*, ¶ 43.) On May 3, 2019, Moss spoke with HSM Thompson and told her he was still urinating blood, still had pain, and had not received any medical care or treatment. (*Id.*, ¶ 44.) HSM Thompson ignored his complaints. (*Id.*, ¶ 45.)

On June 7, 2019, Moss filed an inmate complaint with the institution complaint examiner about his lack of treatment. (*Id.*, ¶ 47.) The inmate complaint was affirmed and a new policy of requiring new inmates to be seen by nurses at intake was instituted. (*Id.*, ¶¶ 49-52.)

## ANALYSIS

At the outset, Moss names New Lisbon Correctional Institution and Redgranite Correctional Institution as defendants. Section 1983 allows a plaintiff to sue a "person" who, acting under color of law, violates his constitutional rights. The New Lisbon Correctional Institution and Redgranite Correctional Institution is not a person, nor is it a separate legal entity that can be sued under §1983. *See Louis v. Milwaukee County Jail*, No. 17-cv-113-wed-pp, 2017 WL 3037567 at *2 (E.D. Wis. July, 18 2017) (citing *Powell v. Cook Cty. Jail*, 814 F. Supp. 757, 758 N.D. Ill. 1993)). They are dismissed.

As for Moss's deliberate indifference claims, a prison official violates the Eighth Amendment where he is deliberately indifferent "to serious medical needs of prisoners." *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). "To state a cause of action, a plaintiff must show (1) an objectively serious medical condition to which (2) a state official was deliberately, that is subjectively, indifferent." *Duckworth v. Ahmad*, 532 F.3d 675, 679 (7th Cir. 2008). "A medical need is sufficiently serious if the plaintiff's condition 'has been diagnosed by a physician as mandating treatment or . . . is so obvious that even a lay person would perceive the need for a doctor's attention.'" *Roe v. Elyea,* 631 F.3d 843 857 (7th Cir. 2011) (quoting *Greeno v. Daley,* 414 F.3d 645, 653 (7th Cir. 2005)). The condition does not need to be life-threatening to be serious; it needs only to be "a condition that would result in further significant injury or unnecessary and wanton infliction of pain" if not addressed. *Gayton v. McCoy*, 593 F.3d 610, 620 (7th Cir. 2010).

A plaintiff must allege "that an official *actually* knew of and disregarded a substantial risk of harm." *Petties v. Carter*, 836 F.3d 722, 728 (7th Cir. 2016) (emphasis in original). The plaintiff also "must show more than mere evidence of malpractice." *Id*. The plaintiff must show that the prison official's choices "were so 'significant a departure from accepted professional standards or practices' that it is questionable whether they actually exercised professional judgment." *Stallings v. Liping Zhang*, 607 Fed. Appx. 591, 593 (7th Cir. 2015) (quoting *Pyles v. Fahim*, 771 F.3d 403, 409 (7th Cir. 2014)). These choices include where a prison official fails to act or do anything to address the serious medical need. *See Gayton*, 593 F.3d at 623-624 (reversing summary judgment in favor of a nurse who refused to examine or treat a vomiting inmate). They also include where an official delays necessary treatment, aggravating a condition or needlessly prolonging a plaintiff's pain. *Gomez v. Randle*, 680 F.3d 859, 865-66 (7th Cir. 2012).

Moss sufficiently states an Eighth Amendment deliberate indifference claim against Lynn Dobbert, Koreen Frisk, Bridget Rink, Maryah Martin, Angela Thompson, Katherine Thompson, and Debra Bellin. He alleges that he suffered an objectively serious medical condition. He also alleges that these defendants actually knew about his medical needs and deliberately failed to treat them, resulting in unnecessarily prolonged pain.

Moss may not proceed on claims against Lisa Baker and Michael Meisner. Moss appears to name them as defendants because they were the supervisors of the other defendants. Supervisors can be held liable for constitutional violations caused

7

by their employees where the violation happens at the supervisor's direction or with the supervisor's knowledge and consent. *Hildebrant v. Ill. Dep't of Nat. Res.*, 347 F.3d 1014, 1039 (7th Cir. 2003). In other words, the supervisor "must know about the conduct and facilitate it, approve it, condone it, or turn a blind eye." *Id.* Moss does not allege that either Baker or Meisner had actual knowledge of the alleged constitutional violations caused by the other defendants. They are dismissed.

**THEREFORE, IT IS ORDERED** that New Lisbon Correctional Institution, Redgranite Correctional Institution, Lisa Baker, and Michael Meisner are dismissed.

Under an informal service agreement between the Wisconsin Department of Justice and this court, a copy of the complaint and this order have been electronically transmitted to the Wisconsin Department of Justice for service on defendants Lynn Dobbert, Koreen Frisk, Bridget Rink, Maryah Martin, Angela Thompson, Katherine Thompson, and Debra Bellin. It is **ORDERED** that, under the informal service agreement, those defendants shall file a responsive pleading to the complaint within 60 days.

**IT IS FURTHER ORDERED** that the parties may not begin discovery until after the court enters a scheduling order setting deadlines for discovery and dispositive motions.

Dated at Milwaukee, Wisconsin this 28th day of January, 2022.

8

BY THE COURT:

_Nancy Joseph_
NANCY JOSEPH
United States Magistrate Judge

9